IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COVENANT HEALTH SYSTEM, formerly d/b/a ST. MARY OF THE PLAINS HOSPITAL AND METHODIST HOSPITAL,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL O. LEAVITT, Secretary, United States Department of Health and Human Services,<br><br>　　　　Defendant. | Civ. Action No. 1:08cv00828 (PLF) |

## ANSWER

Defendant the Secretary of the United States Department of Health and Human Services ("Defendant" or "the Secretary"), by and through his undersigned counsel, answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendant pleads as follows:

1. The first and third sentences of this paragraph contain Plaintiff's characterizations of this Complaint, to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, and on that basis denies. The fourth and fifth sentences of this paragraph contain Plaintiff's characterizations of 42 U.S.C. § 1395ww(d)(5)(F)(i)(I) and 42 U.S.C.

§ 1395ww(d)(5)(F)(vi)(II), not allegations of fact, and thus no response is required; the Court is referred to the cited provisions for a full and accurate statement of their contents. Denies the sixth and seventh sentences.

    2. Denies, except to admit that this action arises under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 et seq. ("the Medicare statute").

    3. The first sentence of this paragraph contains a conclusion of law, not allegations of fact, and thus no response is required. Responding to the allegations in the second sentence, admits that the final decision of the Secretary was issued on March 11, 2008 and that Plaintiff received a copy of that decision on March 14, 2008; the remainder of this sentence contains a conclusion of law, not allegations of fact, and thus no response is required.

    4. Admits.

    5. Admits that the hospitals at issue were at all relevant times located in the State of Texas and had Medicare provider agreements with the Secretary; the remainder of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

    6-8. Admits.

    9. Admits the first sentence. The second and third sentences contain Plaintiff's characterization of Title XVIII of the Social Security Act, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statute, to which the Court is referred for a full and accurate statement of its contents.

    10. Admits the first sentence. The second and third sentences contain Plaintiff's characterizations of 42 U.S.C. § 1395f(b) and 42 U.S.C. § 1395ww(d), not allegations of fact,

and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents. Denies the fourth sentence, except to admit that generally, under a prospective payment system ("PPS"), hospitals are paid predetermined amounts for each of approximately 490 diagnosis-related groups, subject to certain payment adjustments.

11. Admits.

12. Admits the first sentence. The second sentence of this paragraph contains conclusions of law and Plaintiff's characterization of 42 C.F.R. § 405.1803, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulation, to which the Court is referred for a full and accurate statement of its contents.

13. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1395oo(a) and the Social Security Amendments of 1972, Pub. L. No. 92-603, 86 Stat. 1329 (1972), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited provisions, to which the Court is referred for a full and accurate statement of their contents.

14-15. These paragraphs contain conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1395oo(f), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

16. Admits the first sentence. The remainder of this paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1396 et seq., not allegations of fact, and thus

no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

17. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1396d and 42 U.S.C. §§ 1396a(a)(10)(A), 1396d(a)(1), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

18. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1396a(a)(13)(A), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

19. The first and second sentences of this paragraph contain conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1396 and 42 U.S.C. § 1396a, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents. The third and fourth sentences contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

20. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

21. Denies, except to admit that Exhibit "A" to the Complaint contains a portion of the

Texas Title XIX State Plan.

22. This paragraph contains conclusions of law and Plaintiff's characterizations of the Texas Title XIX State Plan, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies.

24. The first and third sentences of this paragraph contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, and on that basis denies.

25. Denies.

26. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1395ww(d)(5)(F)(i)(I), 42 U.S.C. § 1395ww(d)(5)(F)(v), and 42 U.S.C. § 1395ww(d)(5)(F)(vi), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

27. The first, second, and third sentences of this paragraph contain conclusions of law and Plaintiff's characterizations of the Medicare statute, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The fourth sentence contains conclusions of law and Plaintiff's characterizations of and quotations from 42 U.S.C. § 1395ww(d)(5)(F)(vi), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory

provision, to which the Court is referred for a full and accurate statement of its contents.

28. The first sentence of this paragraph contains Plaintiff's characterization of this action, to which no response is required. Responding to the allegations in the second sentence of this paragraph, admits that if a provider qualifies for a Medicare Disproportionate Share Hospital ("DSH") adjustment, a larger number of patient days in the numerator of the Medicaid proxy can result in a larger Medicare DSH adjustment, but otherwise denies.

29. This paragraph contains conclusions of law and Plaintiff's characterizations of and quotations from 42 C.F.R. § 412.106(b)(4), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulation, to which the Court is referred for a full and accurate statement of its contents.

30. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 C.F.R. § 430.10, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulation, to which the Court is referred for a full and accurate statement of its contents.

31. Responding to the allegations in the first sentence of this paragraph, admits that, in computing Plaintiff's Medicare DSH adjustment for the fiscal years at issue in this case, the Medicare fiscal intermediary excluded the days at issue in this case from the numerator of the Medicaid proxy, but otherwise denies. The second and third sentences of this paragraph contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit that Plaintiff timely appealed to the Provider Reimbursement Review Board ("PRRB").

32. Admits the first sentence of this paragraph. The second and third sentences of this paragraph contain Plaintiff's characterizations of the administrative appeal and the administrative hearing in this case which occurred on June 15, 2007, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. A transcript of the administrative hearing appears in the Administrative Record ("A.R.") at 94-123, to which the Court is referred for a full and accurate statement of its contents. Denies the fourth sentence, except to admit that Plaintiff provided some documentation to the fiscal intermediary shortly before the hearing. See A.R. at 4. Denies the fifth sentence. The sixth sentence of this paragraph contains Plaintiff's characterization of the administrative proceedings in this case, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

33. This paragraph contains Plaintiff's characterization of the decision of the PRRB, which appears at A.R. 33-41, not allegations of fact, and thus no response is required; the Court is respectfully referred to the PRRB decision for a full and accurate statement of its contents. By way of further answer, admits that a copy of the PRRB's decision is attached as Exhibit B to the Complaint.

34. Admits the first sentence of this paragraph. The second sentence of this paragraph contains Plaintiff's characterization of the decision of the CMS Administrator, which appears at A.R. 2-19, not allegations of fact, and thus no response is required; the Court is referred to the CMS Administrator's decision for a full and accurate statement of its contents. Admits the third and fourth sentences.

35. The Secretary hereby incorporates by reference its answers to paragraphs 1 through

34 of the Complaint, as if each answer were set forth in full.

36. Denies the first sentence. The second sentence of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. Denies the third sentence.

37. Denies the first and fifth sentences. The remainder of this paragraph contains conclusions of law and Plaintiff's characterizations of the Medicare DSH statute and Medicare DSH adjustment, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

38. Denies.

39. The Secretary hereby incorporates by reference its answers to paragraphs 1 through 38 of the Complaint, as if each answer were set forth in full.

40. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

41-42. These paragraphs contain conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1395ww(d)(5)(F)(vi), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

43-44. Denies.

The Secretary specifically denies all allegations in Plaintiff's Complaint not otherwise

answered or qualified herein.  In addition, the Secretary denies that Plaintiff is entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

The Secretary will file separately a certified copy of the administrative record.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610


_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
New York Registration No. 4202982
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-0372
(202) 514-8780 (fax)


_____/s/_____
DAVID HOSKINS
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
330 Independence Ave., S.W., Room 5309
Washington, D.C. 20201

Attorneys for Defendant,
Michael O. Leavitt,
Secretary of the U.S. Dept. of Health and Human Services